IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MELVIN LEMARK TAYLOR,

    Plaintiff,

v.                                                               No. 1:18-cv-02445-JDB-egb

CITY OF BROWNSVILLE, et al,

    Defendant.

---

ORDER DISMISSING DEFENDANTS CITY OF BROWNSVILLE, MAYOR BILL RAWLS, IN HIS OFFICIAL CAPACITY, CHIEF BARRY DIEBOLD, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, AND OFFICER DAVID SCOTT, IN HIS OFFICIAL CAPACITY, CLAIMS AGAINST UNNAMED DEFENDANTS, AND DISMISSING PLAINTIFF'S CLAIMS UNDER THE TENNESSEE CONSTITUTION

---

This action was filed on June 30, 2018 by Plaintiff, Melvin LeMark Taylor, alleging violations of 42 U.S.C. § 1983 by the Defendants, along with state law claims, stemming from Taylor's arrest in Brownsville, Tennessee. (D.E. 7.) Before the Court is the September 14, 2018, motion of Defendants, City of Brownsville, Mayor Bill Rawls, and Chief Diebold, for judgment on the pleadings. (Docket Entry ("D.E.") 26.)

In their motion, Defendants argue that all official-capacity claims should be dismissed as superfluous; that Plaintiff has failed to state claims against the City of Brownsville and Defendants, Mayor Rawls and Chief Diebold, in their individual capacities; and that he has failed to state a claim under the Tennessee Constitution.[1] (D.E. 26.) In his response to the motion,[2]

---

[1] Defendants additionally contend that the claims against the unnamed defendants should be dismissed as time-barred, (D.E. 26), but Plaintiff voluntarily dismissed them in his second reply, rendering this argument moot. (D.E. 31.)

Taylor only answers the arguments for dismissal of Defendant, City of Brownsville. (D.E. 31.) Furthermore, because the movants adequately demonstrated deficiencies in Plaintiff's claims as to the remaining Defendants other than Officer Scott, (D.E. 26), and because Taylor does not dispute the dismissal of his official-capacity claims or the individual-capacity claims against Mayor Rawls and Chief Diebold, those claims are DISMISSED.

## BACKGROUND

Plaintiff alleges that, on the evening of July 2, 2017, he went to visit Pastor David Jackson at his home in Brownsville, Tennessee, but the minister was not there. (D.E. 7 at ¶ 12.) Taylor waited in the driveway and began excitedly praying, prompting a concerned neighbor to call the authorities. (*Id.* at ¶ 13.) When the police arrived, Plaintiff was unresponsive and continued praying. (*Id.* at ¶ 14.) Eventually, he heard an officer and turned around. (*Id.*) At this point, Taylor asserts that he put his hands up, but despite his compliance, the officers threw him to the ground, beat him, and tasered him. (*Id.* at ¶ 16–18.) Plaintiff maintains that throughout the confrontation he broke no laws and responded to the police's commands to the best of his physical and mental abilities. (*Id.* at ¶ 15–17.) Taylor's complaint states that he sustained severe injuries as a result of the altercation, some of which are chronic. (*Id.* at ¶ 19–20.)

Plaintiff further alleges that the City of Brownsville, in this instance and other, unnamed occurrences, has systematically failed to appropriately investigate the purported constitutional violations of its officers. (*Id.* at ¶ 25.) The municipality's ratification of this conduct by its indifference, Taylor maintains, has emboldened the police to engage in more egregious conduct. (*Id.* at ¶ 26–27.) This acquiescence, Plaintiff asserts, rises to the level of an impermissible failure

---

[2] Plaintiff filed a response to the motion on October 23, 2018, (D.E. 29) and filed a successive, virtually identical version the next day. (D.E. 31.) The only difference between the two is that the second response contains language voluntarily dismissing the unnamed Defendants. (D.E. 31.) The Court will reference the more recent response in this order.

to train, and cultivated a policy, practice, or custom of maintaining a "code of silence" regarding such complaints, which demonstrates the City's deliberate indifference. (*Id.* at ¶ 23, 27, 53–68.)

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. *Lindsey v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). Thus, when a party moves for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). As with a motion under Rule 12(b)(6), although "detailed factual allegations" are unnecessary, a plaintiff must still "provide the grounds of [her] entitlement to relief" beyond just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Thus, "[t]he 'Court need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Commercial Money Ctr., Inc.. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). The motion must be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (internal quotation marks omitted) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## ANALYSIS

### *Municipal Liability*

"A municipality or other local government may be liable under [§ 1983] if the governmental body *itself* subjects a person to a deprivation of [constitutional] rights or *causes* a person to be subjected to such deprivation." *Richmond v. Huq*, 885 F.3d 928, 948 (6th Cir. 2018) (emphasis added) (internal quotation marks omitted), *reh'g en banc denied* (May 17, 2018). "A municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Stanfield v. City of Lima*, 727 F. App'x 841, 851 (6th Cir. 2018) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Because municipalities do not incur *respondeat superior* liability under § 1983, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen" to avoid dismissal under Rule 12(c). *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)).

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Nouri v. Cty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (quoting *Burgess*, 735 F.3d at 478). Plaintiff's complaint contains boilerplate language that seems to embrace all four theories of municipal liability outlined in *Nouri*, (D.E. 7 at ¶ 53–68), but his response to the instant motion suggests that he, in fact, only wishes to advance the latter three, (D.E. 31 at PageID 170–71.)

A.  *Ratification of Illegal Actions*

Proof of the ratification theory requires a plaintiff to show that "(1) a final municipal policymaker approved an investigation . . . (2) . . . so inadequate as to constitute a ratification of the[] alleged constitutional violation." *Rush v. City of Mansfield*, 771 F. Supp. 2d 827, 861–62 (N.D. Ohio 2011) (alterations in original) (internal quotation marks omitted) (quoting *Wright v. City of Canton, Ohio*, 138 F. Supp. 2d 955, 966 (N.D. Ohio 2001)). As the Sixth Circuit noted, "[a] single decision can constitute a policy, if that decision is made by an official who 'possesses final authority to establish municipal policy with respect to the action ordered.'" *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986)). This "means that [the official's] decisions [must be] 'final and unreviewable and . . . not constrained by the official policies of superior officials.'" *Id.* at 175 (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 814 (6th Cir. 2005)).

Although Plaintiff presents the Court with an adequate policymaker in Defendant, Chief Diebold, he does not allege that Diebold made a decision regarding an investigation or that he was even made aware of the incident. Thus, the Court is inclined to agree with the movants that "Taylor has failed to push his claim across the line between possibility and probability." (D.E. 26-1 at PageID 150.) For this reason, Plaintiff's ratification argument fails.

B.  *Inadequate Training or Supervision*

Inadequate training or supervision will give rise to municipal liability, "[i]n limited circumstances, [where] a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights . . . rise[s] to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To establish "a failure to train or supervise claim," a plaintiff must sufficiently plead that "(1) the training or

5

supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)); *see also DeSoto v. Bd. of Parks & Recreation*, 64 F. Supp. 3d 1070, 1084–86 (M.D. Tenn. 2014) (applying *Regets* in the context of a 12(b)(6) motion). The legal standards for a claim of inadequate supervision and one of inadequate training are essentially the same. *See Okolo v. Metro. Gov. of Nashville*, 892 F. Supp. 2d 931, 943 (M.D. Tenn. 2012) ("Liability for unconstitutionally inadequate supervision or discipline is treated, for all intents and purposes, as a failure to train.").

Taylor's complaint asserts that the City underfunded the police department's training program; that the curriculum was substantively inadequate; and that there was no supervision of the named and unnamed officers. (D.E. 31 at ¶ 56.) He then states that the City was aware of these deficiencies, (*Id.* at ¶ 57), and that they caused Taylor's resulting harm, (*Id.* at ¶ 68.) If taken at face value, Plaintiff's complaint appears to allege the necessary elements set forth in *Regets* above. However, these accusations never depart the elemental framework of a failure to train claim because no plausible factual contentions accompany them. Thus, the statements amount to no more than either "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Foster v. Michigan*, 573 F. App'x 377, 387 (6th Cir. 2014) (quoting *Iqbal*, 566 U.S. at 678), or "legal conclusions masquerading as factual allegations," *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010)), and they do not aid Plaintiffs in establishing a factually plausible claim.

6

C.   *Custom of Tolerance of or Acquiescence to Federal Rights Violations*

For purposes of *Monell* liability, a "custom" is a practice that "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law," even though it is not formally approved. *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495–96 (6th Cir. 2008) (quoting *Bd. Of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 403–04 (1997); *see also Doe v. Claiborne Cty., Tenn. ex rel. Claiborne Cty. Bd. Of Educ.*, 103 F.3d 495, 508 (6th Cir. 1996) ("In short, a 'custom' is a 'legal institution' not memorialized by written law."). A meritorious complaint must "demonstrate[] a pattern of inadequate investigation of similar claims . . . ." *Burgess*, 735 F.3d at 478 (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)). Likewise, a "purported failure to discipline a single officer, as opposed to a systematic policy, cannot support a claim of municipal liability." *Sexton v. Kenton Cnty. Det. Ctr.*, 702 F. Supp. 2d 784, 791 (E.D. Ky. 2010) (quoting *Meas v. City & Cty. of San Francisco*, 681 F. Supp. 2d 1128 (N.D. Cal. 2010)).

Taylor avers that the offending custom perpetrated by the City is its fostering of a "code of silence" within its police department that allowed officers to violate citizens' constitutional rights without regard to consequences, and that it failed to investigate and discipline the resulting misconduct (D.E. 7 at ¶ 56, 58.) What Plaintiff's complaint fails to do is furnish examples of the City of Brownsville operating in this manner. Therefore, the Court finds that these allegations amount to nothing more than the type of "unwarranted factual inferences" that it is not required to accept as true. *Barany-Snyder*, 539 F.3d at 332.

*Claims Under the Tennessee Constitution*

Taylor also attempts to bring claims against Defendants under the Tennessee Constitution. (D.E. 7 at ¶ 20.) However, the law is well-settled that the Tennessee Constitution

affords no cause of action for constitutional violations. *Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999). Furthermore, Plaintiff failed to respond to Defendants' arguments on this point, so the claims may have been abandoned. In any event, these claims are DISMISSED.

## CONCLUSION

In light of the foregoing, Defendants' motion for judgment on the pleadings is GRANTED in its entirety. Defendants, City of Brownsville, Chief Barry Diebold, and Mayor Bill Rawls are DISMISSED. Any official capacity claims as to Officer David Scott are also DISMISSED. Furthermore, all claims made under the Tennessee Constitution are DISMISSED. Because Plaintiff dismissed the unidentified officers, the only remaining defendant is Officer David Scott, in his individual capacity.

IT IS SO ORDERED this 8th day of November 2018.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE